IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                              4:18-CR-00518-01-JM

TIMOTHY BLAINE ABBOTT

### ORDER

Defendant's Motion to Reduce Sentence (Doc. No. 41) is DENIED.

At sentencing, Defendant had a guideline range of 84 to 105 months and was sentenced to 105 months.[1] Applying retroactive Guidelines Amendment 821 lowers Defendant's criminal history score from 10 to 9, resulting in a new criminal history category of IV. With a criminal history category of IV and a total offense level of 23, the guideline range would be 70 to 87 months. However, Defendant's plea agreement provides that he "waives the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ."[2] Because Defendant knowingly and voluntarily entered into his plea agreement, including this waiver, he is not entitled to relief.[3] Additionally, the plea agreement allowed Defendant to avoid a consecutive 60-month sentence on Count 4, which means it provides a greater benefit to Defendant than Amendment 821.

IT IS SO ORDERED this 18th day of January, 2024.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Doc. No. 39.

[2] Doc. No. 32.

[3] *United States v. Cowan*, 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582 (c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement).